**Ken STEELE, Plaintiff-Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 05–35002.

D.C. No. CV–04–00172–AA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.[1]

Decided Dec. 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

850

David B. Lowry, Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, USPO—Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, David M. Blume, SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

2. The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

Before D.W. NELSON, O'SCANNLAIN, Circuit Judges, and BURNS,[2] District Judge.

## MEMORANDUM[3]

Kenneth Steele appeals the district court's order affirming a determination he is not entitled to social security disability insurance benefits. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Steele contends the administrative law judge ("ALJ") erred by failing to follow the instructions accompanying a remand for further administrative proceedings. The remand directed the ALJ to further develop the record, to obtain expert medical testimony, to discuss lay witness evidence, and to reevaluate Steele's ability to perform past relevant work. Upon review of the record, we find the second ALJ hearing remedied each of the identified deficiencies of the prior hearing in compliance with the instructions on remand.

Steele argues the ALJ improperly assessed his credibility. A disability determination "must contain reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling ("SSR") 96–7p, *available at* 1996 WL 374186, at *4. The credibility assessment

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

involves two inquiries. First, the claimant must produce objective medical evidence of an underlying impairment(s) and show the impairment(s) "could reasonably be expected to produce pain or other symptoms." *Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1196 (2004), *quoting Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir.1996). If the first step is satisfied, the adjudicator then evaluates the individual's symptoms to determine the extent to which they "limit the individual's ability to do basic work activities." SSR 96–7p at *2. Here, the ALJ applied the correct legal standard and stated clear and convincing reasons supported by substantial evidence for his adverse credibility findings.

Steele next contends the ALJ improperly evaluated lay witness evidence. An ALJ must articulate a "germane reason" in order to reject lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503 (9th Cir.2001) (a "germane reason" to reject lay witness testimony is that it conflicts with medical evidence). Three witness statements were presented from Verna Steele, Steele's wife, in support of his claim. Mrs. Steele's statements dated from March 29, 1996, January 23, 2002, and April 11, 2002. In only one of the statements did Mrs. Steele allude to pain allegations, and even then she only vaguely alluded to any of the physical conditions the ALJ found to be severe impairments prior to December 31, 1992. Three other written statements from two of Steele's friends prepared in 2001 were also presented. Although two of those statements alluded to Steele's considerable pain, the bulk of the witness statements focused on the effects of Steele's bouts of rage, impatience, inability to focus on tasks, and the like rather than on his physical condition. In addition, although the statements purported to relate to the period June 3, 1987 through December 1992, the ALJ reasonably acknowledged the witnesses' honest efforts to reconstruct a remote time period conflicted with contemporaneous medical records from the relevant time period. He also reasonably found the entire record did not support a finding Steele was so severely impaired he could not perform any kind of gainful activity. There was no error in the ALJ's treatment of that evidence.

Steele also contends the ALJ improperly assessed his residual functional capacity ("RFC") and improperly found he was able to perform past relevant work. After reviewing the record, we find the ALJ adhered to the guidelines of SSR 96–8p and adequately assessed Steele's RFC to perform work activities. Those findings were incorporated into the hypothetical presented to the testifying vocational expert, supporting the result. Furthermore, the ALJ articulated legally sufficient reasons to support his findings Steele was able to perform past relevant work as a security guard in the sedentary manner that the vocational expert testified 20% of such jobs are generally performed in the national economy.

Finally, the ALJ did not err in denying or in the manner in which he denied Steele's generic, *pro forma* pre-hearing motions. The ALJ stated he considered each, found them to be the same motions he addressed in other cases presented by Steele's counsel, and denied them for "the same reasons." Moreover, the ALJ is under no legal obligation to elaborate reasons for rulings outside the codified steps in the disability analysis.

We conclude the ALJ's findings and result were supported by substantial evidence and were free of legal error. *Batson*, 359 F.3d at 1193.

**AFFIRMED.**